UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GUILLAUME TABIA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 19-11132-LTS |
| G. DEKEON, Haverhill Police Officer, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON MOTION TO RECONSIDER

February 13, 2020

SOROKIN, J.

The Court previously dismissed Plaintiff Guillaume Tabia's suit against Haverhill Police Officer G. DeKeon, First Justice Stephen S. Abany of the Haverhill District Court, and a clerk magistrate at the Haverhill District Court. Doc. No. 9. Tabia brought this action after the Commonwealth issued a domestic restraining order against him in favor of a woman Tabia had briefly resided with, pursuant to Mass. Gen. Laws ch. 209A. Officer DeKeon had previously advised the woman that she could pursue a Mass. Gen. Laws ch. 209A order. This Court dismissed Tabia's claim against Officer DeKeon for failing to state a claim upon which relief could be granted and dismissed his claim against Justice Abany and the clerk magistrate for lack of jurisdiction. Doc. No. 9 at 5-6. Now before the Court is Tabia's motion for reconsideration. Doc. No. 13. Tabia does not challenge the Court's lack of jurisdiction over his claims against Justice Abany and the clerk magistrate. Tabia does, however, allege that the Court erred by concluding that Mass. Gen. Laws ch. 209A applied to him. Thus, Tabia seeks reconsideration as to his claim against Officer DeKeon.

Tabia asserts that the Supreme Judicial Court of Massachusetts construes Mass. Gen. Laws ch. 209A to exclude roommates. See Silva v. Carmel, 7 N.E.3d 1096, 1100 (Mass. 2014) (holding that Mass. Gen. Laws ch. 209A "must be interpreted in the context of the statute's other definitions of 'family or household members,' which include people who are or have been married, have children together, are related by blood, or have been in a substantive dating or engagement relationship."). But even if Officer DeKeon's advice pertaining to the Mass. Gen. Laws ch. 209A restraining order were erroneous, that error would not itself give rise to a legal claim. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Indeed, an officer's erroneous advice to a third party would not violate Tabia's clearly established rights. Doc. No. 9 at 5 n.2. Thus, Tabia has not identified a potentially meritorious claim, and so has not satisfied the requirements of a motion to reconsider. See Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc., 953 F.2d 17, 21 (1st Cir. 1992) (noting that a Rule 60(b) movant "must at least establish that it possesses a potentially meritorious claim or defense which, if proven, will bring success in its wake.").

Accordingly, Tabia's motion to reconsider is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge